## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KISAAN DIE TECH PRIVATE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Court No. 21-00512 |

## COMPLAINT

Plaintiff Kisaan Die Tech Private Limited ("Plaintiff") by and through its attorneys, allege and state as follows:

1. Plaintiff seeks judicial review of the final results of the first administrative review of the antidumping duty order on stainless steel flanges from India, covering the period March 28, 2018, to September 30, 2019, issued by the U.S. Department of Commerce ("Commerce"). *See Stainless Steel Flanges from India: Final Results of Antidumping Duty Administrative Review; 2018-2019*, 86 Fed. Reg. 47619 (Aug. 26, 2021) ("*Final Results*"), and the accompanying Issues and Decision Memorandum (Aug. 20, 2021).

## JURISDICTION

2. Plaintiff brings this action pursuant to section 516A(a)(2)(i)(1) of the Tariff Act of 1930, as amended (the "Tariff Act"), 19 U.S.C. § 1516a(a)(2)(A)(i)(1), to examine a periodic review determination by Commerce, described in section 516A(a)(2)(B)(iii) of the Tariff Act, 19 U.S.C. § 1516a(a)(2)(B)(iii).  This Court has subject-matter jurisdiction by reason of 28 U.S.C. § 1581(c).

## STANDING

3. Plaintiff is a foreign producer and exporter of stainless steel flanges, the subject merchandise at issue in this action. Therefore, Plaintiff is an "interested party" within the meaning of Section 771(9)(A) of the Tariff Act, 19 U.S.C. § 1677(9)(A).

4. Plaintiff participated in the underlying proceeding giving rise to this action and, therefore, was a "party to the proceeding in connection with which the matter arises" under 19 U.S.C. § 1516a(a)(2)(A).

5. As an interested party who was a party to the underlying proceeding, Plaintiff has standing to commence this action pursuant to section 516A(d) of the Tariff Act, and 28 U.S.C. § 2631(c), and (k)(1).

## TIMELINESS OF THE ACTION

6. Commerce published notice of the contested *Final Results* in the Federal Register on August 26, 2021. Accordingly, this action has been commenced within the period specified in 19 U.S.C. §§ 1516a(a)(2)(A) and Rule 3(b)(2) of this Court's rules.

## PROCEDURAL HISTORY

7. On October 1, 2019, Commerce published a notice of opportunity to request an administrative review of the antidumping duty order on stainless steel flanges from India for the March 28, 2018, through September 30, 2019, period of review (i.e., the "First Administrative Review"). *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation: Opportunity to Request Administrative Review*, 84 Fed. Reg. 52068 (Oct. 1, 2019).

8. On December 11, 2019, Commerce published a notice of initiation for the First Administrative Review. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 67712 (Dec. 11, 2019).

9. On March 13, 2020, Commerce selected Chandan Steel Limited ("Chandan") as the only mandatory respondent in the First Administrative Review, and issued a full antidumping duty questionnaire to Chandan on the same day.

10. On February 24, 2021, Commerce published the preliminary results of the First Administrative Review, in which it assigned Chandan a dumping margin of 145.25% based on total adverse facts available ("AFA"). Commerce also, in the same preliminary results, assigned Chandan's total AFA rate to companies not individually examined, which included Plaintiff, despite no finding of non-cooperation by any of these companies. *See Stainless Steel Flanges from India: Preliminary Results of Antidumping Administrative Review; 2018-2019*, 86 Fed. Reg. 11233 (Feb. 24, 2021).

11. On April 2, 2021, Petitioners, Plaintiff, and other interested parties submitted administrative case briefs to Commerce. In its case brief Plaintiff objected to the dumping margin Commerce assigned to "all other" respondents.

12. On May 11, 2021, Commerce held a public hearing.

13. On August 26, 2021, Commerce published the final results of the First Administrative Review, in which it continued to apply Chandan's dumping margin of 145.25% based on total AFA to the fully cooperative "all other" companies that Commerce chose not to examine during the review. *See Stainless Steel Flanges from India: Final Results of Antidumping Administrative Review; 2018-2019*, 86 Fed. Reg. 47619 (Aug. 26, 2021), and accompanying Issues and Decision Memorandum (Aug. 20, 2021).

## STATEMENT OF CLAIMS

14. Paragraphs 1 through 13 are incorporated by reference.

15. In the following respects and for other reasons apparent from the record of the administrative proceeding, portions of Commerce's *Final Results* are not supported by evidence on the record and are not in accordance with law. *See* 19 U.S.C. § 1516a(b)(1)(B)(i).

## COUNT ONE

16. Paragraphs 1 through 15 are incorporated by reference.

17. The First Administrative Review covered over 40 Indian companies/exporters of certain stainless steel flanges from India.  Plaintiff was one of those Indian companies/exporters.  Commerce selected only one company to review (i.e., to serve as a "mandatory respondent") – Chandan.

18. In the contested *Final Results* Commerce determined that Chandan failed to cooperate with the agency's review.  It assigned Chandan a dumping margin of 145.25% based on total AFA.  Commerce never determined that Plaintiff nor any of the other "all other" respondents failed to cooperate with the agency's review to the best of their ability.  Nonetheless, in the *Final Results* Commerce assigned to Plaintiff and the "all other" respondents a rate of 145.25% based on total AFA.

19. The Plaintiff has no connection to Chandan.  It is not affiliated with Chandan and it bears no responsibility for Chandan's alleged failure to cooperate with Commerce.

20. Yet despite this uncontroverted record evidence, Commerce assigned Plaintiff a dumping margin of 145.25% in the *Final Results*.  That rate was not based on Chandan's data and it bore no relationship to Plaintiff's actual dumping margin.  As noted previously, it was based on total AFA – a rate that was meant to punish Chandan for its alleged lack of cooperation.

21. Commerce's treatment of Plaintiff in the contested *Final Results* was unreasonable. It was not supported by substantial evidence and it was contrary to law. *See* 19 U.S.C. § 1516a(b)(1)(B)(i).

* * *

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court

(1) hold that the *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law;

(2) remand this matter to Commerce for disposition consistent with the final order of this Court; and

(3) provide such other relief as this Court deems just and proper;

Respectfully submitted,

_____
Duane W. Layton
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3811
*Counsel to Kisaan Die Tech Private Limited*

Dated: September 14, 2021

## CERTIFICATE OF SERVICE

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on September 14, 2021, copies of Plaintiff's Summons and Complaint will be served on the following parties by certified mail, return receipt requested:

Office of Chief Counsel for Trade Enforcement & Compliance
U.S. Department of Commerce
1401 Constitution Avenue, NW
Room 3627
Washington, DC 20230-0001

Dhanish Doshi
Echjay Forgings Private Limited
603-604, Raheja Chambers
213 Backbay Reclamation
Nariman Point, Mumbai
Maharashta, India

Yuvraj Malhotra
Hilton Metal Forging Limited
701, Palmspring, Palmcourt Complex
Link Road, Malad - West
Mumbai - 400064
Maharashtra, India

Akansha Garg
Chandan
SBA Strategy Consulting LLP
50, First Floor, Dhuleshwar Garden, Jaipur, Rajasthan (India)- 302001

Daniel B. Pickard, Esq.
Representative of Coalition of American Flange Producers and its individual members: Core Pipe Products, Inc. and Maass Flange Corporation
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006

Arpit Bhargava
Representative of Chandan Steel Limited
SBA Strategy Consulting LLP
1 "Vishwa Shila"
Pareek College Road
Bani Park Jaipur - 302016
India

Peter Koenig, Esq.
Representative of Bebitz Flanges Works Private Limited
Squire Patton Boggs (US) LLP
2550 M Street, NW
Suite 300
Washington, DC 20036

_____
Duane W. Layton

6