Before The U.S. Court Of International Trade
Honorable Timothy C. Stanceu, Judge

**PUBLIC DOCUMENT**

| | |
|---|---|
| KISAAN DIE TECH PRIVATE LIMITED, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Consol. Court No. 21-00512 |

Chandan Rule 59(a)/(e) and 60 Motion For Reconsideration

January 8, 2024

Peter Koenig
Squire Patton Boggs
Washington DC
Counsel to Chandan

Per USCIT Rules 59(a)/(e) and 60, Chandan moves for reconsideration of the Court's December 8, 2023 Opinion ("Opinion"), Slip Op. No. 23-172, *Kisaan Die Tech Private Limited, et. al., v. United States,* affirming the U.S. Department of Commerce ("Commerce") decision on Chandan. This motion assumes familiarity with the Opinion and the June 30, 2022 Chandan Opening Rule 56.2 Motion for Judgement ECF 37 ("Chandan Motion") and Chandan's January 17, 2023 Reply Brief ECF 59 ("Chandan Reply"), which we reference below.

The Opinion says (at 19-20 and 22) that Commerce decisions (a) not to accept a late Chandan filing and (b) on the adequacy of notifications of deficiencies in Chandan's questionnaire responses to give Chandan opportunity to correct them are supported by the statutorily required substantial evidence of record and otherwise in accordance with law, this Court's review standard. Chandan leaves those issues for respectful appeal to the Federal Circuit. We do so to focus on the still outcome determinative below issues, notwithstanding (a) and (b) above, though actually we could have filed a broader motion for reconsideration than we do so here, as the Opinion failed to address many of Chandan's arguments. The Court is welcome to do so on its own motion per Court Rule 60.

In its Motion (at 6-10, 15-25), Chandan argued that (a) any errors in its questionnaire responses in the accepted record were non-existent to inconsequential and anyway remedial from the accepted record, citing specific record evidence in support thereof, such that (b) the accepted record before Commerce supported calculating Chandan's dumping margin from Chandan's questionnaire responses, and thus (c) Commerce use of facts available, much less adverse facts available, is unsupported by the statutorily required substantial evidence and contrary to law, again, this Court's review standard. The Opinion does not address this Chandan argument.

Respectfully, that is clear factual or legal error, as indicated in Chandan's Motion and the Court's failure to even address Chandan argument, correction of which is necessary to prevent manifest injustice. A clear factual or legal error, or the need to prevent manifest injustice, supports granting a motion to reconsider. *Ford Motor Co. v. United States*, No. 99–00394 (Ct. Int'l Trade Sept. 29, 2006) Decision On Reconsideration Motion at 1-2 (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

We also move for reconsideration under this Court's Rule 60(a) on the basis that there has been an oversight in that the Court did not address or even consider Chandan's arguments identified herein.

The Opinion (at 18) does not deny that there must be a gap in the record precluding calculating the dumping margin from the respondent's questionnaire responses before can lawfully use facts available, much less adverse facts, to calculate the dumping margin on specific U.S. sales, per Chandan Motion cites at 6 and 23. The Opinion (at 7-8) cites to Commerce as to the need to show a level of inaccuracy undermining reliability of an entire questionnaire response as to all U.S. sales to not use it at all to calculate the dumping margin on any U.S. sales. But respectfully the Opinion does not address Chandan's argument and cited accepted record that there is no statutorily required substantial evidence of record supporting such a gap or deficiency in the Chandan questionnaire responses.

Consider each Commerce claimed error in Chandan's questionnaire responses, as to purportedly supporting use of adverse facts available as to all U.S. sales.

*First*, Commerce claims that <u>comparison market</u> sales of under 1.5 inch pipe (of the up to 24 inch pipe covered by the Commerce review) during the five-month window period outside the 12-month review period of review were not reported. At best, such sales were only even

potentially needed to calculate the dumping margin of an inconsequential portion (at most 0.4%) of the U.S. sales. See Motion at 6-10, especially page 9, and Chandan Reply at 4-7, for cited accepted record and legal authority thereon. Those claimed comparison market sales were not applicable to calculate the dumping margin on all other U.S. sales (i.e., at least 99.6% of U.S. sales) and thus do not support Commerce's failure to calculate the dumping margin for those (99.6%) of U.S. sales. The Opinion does not address Chandan's argument here, the cited accepted record and legal authority thereon. Indeed, respectfully, in these regards, ultimately as to Chandan's precise argument here, the Opinion (at 6-9) just cites parts of Commerce's unsupported conclusory decision itself (and not the accepted record) without anything more, as if a Commerce decision is self-affirming, violating the statutory judicial review requirement. Respectfully, why even have judicial review? Pointless.

*Second*, Commerce claims that Chandan misreported production costs. In fact, from the accepted record, costs were accurately reported, or if anything overreported, thereby overstating the dumping margin. See Chandan Motion at 15-23 and Chandan Reply at 8-13. There is again no statutorily required substantial evidence for Commerce's claim that adverse facts must be used, much less to insure that the dumping margin is not understated. Id. Here again, the Opinion does not address Chandan's precise argument here, including the cited accepted record evidence and legal authority thereon, again ultimately (at 6-9) doing no more than just cite Commerce's unsupported, conclusionary decision, again as if a Commerce decision is self-affirming, again violating the statutory judicial review requirement.

*Third*, Commerce claims that there were errors as to Chandan reported prices, discounts and duty refund. Chandan argued that from the accepted record, there is no statutorily required substantial evidence for such errors to support adverse facts. See Chandan Motion at 24-25 and

Chandan Reply at 13-14, citing the accepted record and legal authority. Again, the Opinion does not address that. Rather, the Opinion (at 22-23) says that, even if such errors were non-existent, it did not matter because the Opinion rests on just the above first claimed error (and not even the second claimed error) to sustain Commerce decision. So the Opinion does not use the third claimed error to find Commerce's decision lawful.

In short, respectfully, the Opinion on Chandan should be reconsidered. It did not address, much less dispute, outcome determinative Chandan argument and cited accepted record and authority as to the above issues. Chandan respectfully asks the Court to actually consider Chandan's argument.

Our proposed Order is the same one as in the Motion as we are just asking that the Motion's argument actually be considered.

We appreciate the Court's consideration of the above.

Respectfully submitted,

Squire Patton Boggs
Counsel to Chandan

By   */s/ Peter Koenig*

Peter Koenig

**WORD COUNT CERTIFICATE OF COMPLIANCE**

This brief was prepared using Microsoft Word with 12-point Times New Roman font. In accordance with the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that this motion complies with the word limitations set forth in the Chambers Procedures. Specifically, excluding those exempted portions of the brief, as set forth in 2B(1) of the Chambers Procedures, undersigned certifies that this brief contains 1163 words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

      Respectfully submitted,

      */s/ Peter Koenig*

      Peter Koenig Counsel to Chandan Steel Limited