IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| KISAAN DIE TECH PRIVATE, LTD., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) Consol. Court No. 21-00512 |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Pursuant to Rules 59 and 60 of the Rules of this Court, defendant, the United States, respectfully responds to the motion for reconsideration filed by consolidated plaintiff, Chandan Steel Limited (Chandan), with respect to the Court's order and opinion issued on December 8, 2023. Chandan has not demonstrated that the Court's decision was based on a manifest error of law or fact. The Court therefore should deny Chandan's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Before this Court, Chandan challenged the final results, in which Commerce used facts available with an adverse inference in determining the dumping margin applicable to Chandan's sales during the period of review. *See* Pl. Rule 56.2 Mot., ECF 37. On December 8, 2023, the Court sustained Commerce's determination with respect to Chandan. Opinion and Order at 36, ECF No. 62. The Court held that Commerce acted within the scope of its discretion in using an adverse inference when selecting from among those facts otherwise available with respect to Chandan's dumping margin. *Id.* at 23. The Court furthermore held that Commerce did not abuse its discretion by selecting a 145.25 percent rate. *Id.* at 23-25. On January 8, 2024, Chandan moved for reconsideration under Rules 59 and 60. *See* Pl. Mot. for Recon., ECF No.

63. Chandan contends that the decision contains a clear factual or legal error because it allegedly does not address all of Chandan's arguments. *See* Pl. Mot. at 2.

## ARGUMENT

I. **Standard Of Review**

The grant or denial of a motion for rehearing and modification pursuant to Rule 59 lies within the sound discretion of the Court. *USEC, Inc. v. United States*, 138 F. Supp. 2d 1335, 1336 (Ct. Int'l Trade 2001) (internal citations omitted). The Court's previous decision will not be disturbed unless it is "manifestly erroneous." *Id.* at 1337. Specifically, "{a} motion for reconsideration will be granted 'only in limited circumstances,' such as for '1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." *Home Meridian Int'l, Inc. v. United States*, 925 F. Supp. 2d 1377, 1380 (Ct. Int'l Trade 2013) (quoting *Target Stores v. United States*, 471 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2007)); *see also Papierfabrik August Koehler SE v. United States*, 931 F. Supp. 2d 1319, 1321 (Ct. Int'l Trade 2013) (describing limited grounds for granting a motion for reconsideration); *USEC, Inc.*, 138 F. Supp. 2d at 1337 (same). In contrast, "a motion for reconsideration will *not* be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised." *America Nat. Fire Ins. Co. v. United States,* 30 C.I.T. 1426, 1427 (2006) (emphasis added).

Pursuant to USCIT Rule 60(a), the Court "may correct a clerical mistake or a mistake arising from oversight or omission." USCIT R. 60(a). "USCIT Rule 60(b)(1) provides for relief from a final judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" *VoestAlpine USA Corp. v. United States*, 578 F. Supp. 3d 1263, 1272 (Ct. Int'l Trade 2022).

**II.     Chandan Does Not Demonstrate That The Court's Order Is Manifestly Erroneous**

Among the bases for reconsideration pursuant to Rule 59, Chandan only asserts that the Court's decision contains "clear factual or legal error." Pl. Mot. at 3. Specifically, Chandan claims that the Court failed to address certain of Chandan's arguments. *See* Pl. Mot. at 5 (asserting that the opinion "did not address, much less dispute, outcome determinative Chandan argument (sic) and cited accepted record and authority" as to certain issues). As we demonstrate below, these arguments cannot succeed, and the Court should deny Chandan's motion.

Chandan lists three issues that it views as warranting reconsideration: (1) the materiality of Chandan's errors in reporting window period sales, (2) Chandan's misreporting of production costs, and (3) Chandan's misreporting of prices, discounts, and duty refunds. *See* Pl. Mot. at 3-4. But as Chandan at least partially recognizes, *see id.* at 5, the latter two issues did not ultimately factor into the Court's reason for sustaining Commerce's imposition of facts available with an adverse inference. To the contrary, the Court concluded that it "need not resolve the disagreements between the parties that arise from Chandan's allocation method for the reporting of the costs of production and from reporting of gross unit price, quantity discounts, other discounts, and duty refunds." Op. at 22. That was so because, in the Court's view, even if Chandan were correct on these two issues, the repeated misreporting of its comparison market database precluded Chandan from prevailing on the merits with respect to Commerce's resort to facts available with an adverse inference. The Court further explained that "{a} reliable comparison market sales database for matching with a U.S. sales database is fundamental and essential for the Department's ability to calculate a weighted average dumping margin." Op. at 23. Therefore, even if the reporting errors claimed by Commerce were "nonexistent, minor, or inconsequential," the Court was "not able to presume that the omission of sales of smaller-size flanges occurring in window periods outside of the POR could be so described." *Id.* at 22-23.

3

Because the Court found it unnecessary to consider these issues in the first place, Chandan has not demonstrated any basis for reconsideration.

Accordingly, in light of that conclusion by the Court, the only potential issue for reconsideration is the Court's holding that Commerce did not err by imposing facts available with an adverse inference based on the inadequate reporting of comparison market window period sales. Chandan has not shown any manifest error in that holding.

As the Court explained in its opinion, in administrative reviews of Commerce's antidumping duty orders, Commerce will, in appropriate instances, compare the export price (or constructed export price) of an individual U.S. sale to an average normal value based on a contemporaneous month in a comparison market. *See* Op. at 11. If there are no sales during the preferred month, Commerce may base normal value on identical or similar sales in a "window period," which extends from three months before and until two months after the U.S. sale. *See id.*

Here, Commerce requested that Chandan provide all comparison-market sales for the relevant window period. *See id.* at 11-12. In response to these requests, Chandan provided three deficient responses – one on June 30, 2020, a second on September 11, 2020, and a third on December 9, 2020. *See id.* at 11-14. As observed by the Court, Chandan has conceded that its responses to Commerce's requests were deficient. *See* Op. at 12-13 (citing Chandan Mot. for J. at 11, ECF No. 37). Consistent with this concession, Chandan does not presently argue that it provided adequate information. Chandan instead argues that that the window period sales missing from its reporting were "{a}t best . . . only even potentially needed to calculate the dumping margin of an inconsequential portion . . . of the U.S. sales." Pl. Mot. at 3-4.

Despite focusing its motion on the alleged insubstantiality of missing window sales, and going so far as to call this Court's review "{p}ointless," *id.* at 4, Chandan does not even acknowledge the opinion's detailed analysis and rejection of Chandan's argument. Chandan claims that the Court, at pages 6-9 of the opinion, "just cites parts of Commerce's unsupported conclusory decision." Pl. Mot. at 4. That section of the opinion merely provides a factual recitation of the reasons *provided by Commerce* for its decision. The Court did not purport to accept or reject the agency's stated bases for the action under review. *See, e.g.*, Op. at 6 (observing that "Commerce based its use of facts otherwise available and adverse inferences on three groups of factual findings"). In contrast, the Court's resolution of the parties' arguments on this issue comes later in the opinion, at pages 19-20.

It would be within the Court's discretion to deny Chandan's motion for reconsideration on the grounds that Chandan is simply wrong that the opinion "does not address" Chandan's argument on this issue. Pl. Mot. at 4. Chandan's claim of manifest error is based entirely on that assertion, but the Court did address the argument, and so the factual predicate for the motion fails and so must the motion. *See, e.g.*, *Home Meridian Int'l*, 925 F. Supp. 2d at 1380 (denying reconsideration when the movant inaccurately characterized the Court's decision).

Going further, however, the Court was correct to conclude that Chandan's insignificant-percent-of-sales argument was "misguided." Op. at 20. As the Court correctly held, "Commerce must be able to obtain from cooperative respondents, on a timely basis, a reliable comparison market database in order to calculate a weighted average dumping margin." *Id.*; *see Yantai Timken Co. v. United States*, 521 F. Supp. 2d 1356, 1371 (Ct. Int'l Trade 2007) ("Due to stringent time deadlines and the significant limitations on Commerce's resources, it is vital that accurate information be provided promptly to allow the agency sufficient time for review.").

5

"As of the time {Commerce} issued the Preliminary Results, it still lacked reporting of sales of Chandan's smaller-sized flanges that occurred outside the POR, which sales were unavailable for comparison with U.S. sales." *Id.*; *see* Issues and Decision Memorandum at 7-11 (P.R. 169). The Court rejected Chandan's "implied premise" that Commerce was obligated to examine additional information that Chandan later submitted, on March 16, 2021, and use it to calculate a dumping margin. *Id.* To the contrary, "statute and regulation{} allowed the rejection of this information and its exclusion from the record." *Id.*; *see also id.* at 17 (citing 19 U.S.C. § 1677m(d) and 19 C.F.R. § 351.301 as authority for Commerce's rejection of untimely submissions). "Thus, Commerce was under no obligation to use this information or to review it to determine the degree to which the omission of the information from the database submitted earlier would have affected adversely the calculation of a dumping margin." Op. at 20.

      Commerce acted within its discretion by rejecting Chandan's untimely submissions. And in the absence of that information, there is no support in the record for Chandan's claim that the missing window period sales were not applicable to 99.6 percent of U.S. sales. Indeed, it is not even clear that the proffered information would have supported Chandan's assertion. As we explained in our response to Chandan's Rule 56.2 motion, Chandan made this argument (after Commerce issued its preliminary results) by combining two flawed versions of its comparison market sales database, with no reason to believe that the combination would yield reliable results. *See* Def. Rule 56.2 Resp. at 21, ECF No. 52; *see also* Pl. Rule 56.2 Motion at 9 n.14 (asserting that only 0.6 percent of U.S. sales are impacted based on "combining record databases CSLHM03 and CSLAR1HM03"). In other words, Chandan's untimely submission only carried over the errors of its prior deficient responses.

In any event, the Court did not need to reach the question of the accuracy of Chandan's late-submitted information, because, as the Court correctly held, Commerce was under no obligation to consider it, or to combine incomplete questionnaire responses to attempt to create useful information. In sum, Chandan has not demonstrated manifest error in the Court's opinion, and therefore the motion for reconsideration should be denied.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Chandan's motion for reconsideration.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/Geoffrey M. Long
GEOFFREY M. LONG
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel: (202) 307-1059
E-mail: geoffrey.m.long@usdoj.gov

OF COUNSEL:

COLLIN T. MATHIAS
Trial Attorney

ASHLANDE GELIN
Office of the Chief Counsel
For Trade Enforcement & Compliance
Department of Commerce

March 4, 2024

Attorneys for Defendant